IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAM NGUYEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-cv-4675 |
| | § | |
| ROBERT LACY, JR., et al., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM AND ORDER**

Lam Nguyen (A# 046587322) filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the duration of his confinement by Immigration and Customs Enforcement (ICE) officials with the United States Department of Homeland Security (DHS). The respondents filed a motion to dismiss, advising the Court that the Government of Vietnam had issued a travel document for Nguyen, that Nguyen is scheduled to be removed from the United States, and that his petition is moot. (Docket Entry No. 8). Nguyen has not responded and has not provided the Court with an updated address following his release and appears to have abandoned his petition.

After considering all the pleadings and the applicable law, the Court will grant the respondents' motion and dismiss this case as moot. Alternatively, the case will be dismissed for want of prosecution.

**I.      Discussion**

According to the petition, which was received on December 12, 2018, Nguyen is a native and citizen of Vietnam. On July 27, 2018, Nguyen, who has a criminal history, was

taken into ICE custody at Bush Intercontinental Airport in Houston, Texas. Because he has been in custody for more than six months without a foreseeable removal date, Nguyen argues he is entitled to habeas corpus relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001). In that case, the Supreme Court held that persons may be detained pending removal for a "presumptively reasonable period" of no more than six months after the removal period expires. *See id.* at 701.

On March 21, 2019, the respondents filed a motion to dismiss, advising the Court that the Government of Vietnam had issued a travel document for Nguyen and that he was scheduled to be removed from the United States. (Docket Entry No. 8). The respondents note, therefore, that Nguyen's release from custody renders his habeas corpus petition moot. Public records reflect that Nguyen is no longer in custody.

The United States Supreme Court has explained that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under the case or controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis*, 494 U.S. at 477). Because Nguyen's petition challenges only his continued detention, his release from custody leaves nothing for this Court to remedy. *See id.* at 18. The Court concludes that Nguyen's petition is moot and must be dismissed.

Alternatively, Nguyen has not provided the Court with a change of address following his release from custody as required by Rule 83.4 of the Local Rules for the Southern District of Texas, Houston Division. Under that rule, a *pro se* litigant is responsible for keeping the Clerk advised in writing of his current address. Nguyen has failed to provide the Court with an accurate, current address. Under the inherent powers necessarily vested in a court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order). For this additional reason, this case will be dismissed.

## II. Conclusion and Order

Accordingly, the Court **ORDERS** as follows:

1. The respondents' motion to dismiss, (Docket Entry No. 8), is **GRANTED**.

2. The habeas corpus petition filed by Lam Nguyen is **DISMISSED without prejudice** as **MOOT**.

3. Alternatively, this case is **DISMISSED without prejudice** for want of prosecution.

   SIGNED at Houston, Texas, on **JUN 1 9 2019**.

   ALFRED H. BENNETT
   UNITED STATES DISTRICT JUDGE